NORTHERN TEXAS TRACTION CO. v. THETFORD et al.

No. 1501—5787.

Commission of Appeals of Texas, Section B.

Jan. 6, 1932.

Cantey, Hanger & McMahon, W. D. Smith, and Warren Scarborough, all of Fort Worth, and E. A. McCord, of Peoria, Ill., for plaintiff in error.

Houtchens & Houtchens and J. H. Craik, all of Fort Worth, for defendants in error.

HARVEY, P. J.

This suit was brought against the Northern Texas Traction Company by B. Thetford and wife, for themselves, and as next friends of their minor son, Fred Thetford, to recover damages on account of personal injuries alleged to have been suffered by the latter as a result of negligence of the traction company. The case was tried before a jury, on special issues, resulting in a judgment in favor of the traction company against B. Thetford and wife, and in favor of Fred Thetford against the company for $7,500 damages. That judgment has been affirmed by the Court of Civil Appeals. 28 S.W.(2d) 906.

The facts, so far as necessary to be stated here, are substantially as follows:

Fred Thetford, a child nine years of age, was injured by a street car of the traction company coming into collision with an automobile driven by Mrs. Thetford along Hemphill street in Fort Worth. The Thetfords, on the day of the accident, were moving their place of residence from one part of the city to another part of the city. Most of their household effects had been sent to the new home by truck, but a considerable amount thereof had been loaded into the automobile which Mrs. Thetford was driving at the time of the collision. The automobile was traveling south on Hemphill street. Mr. and Mrs. Thetford and their daughter were riding inside the automobile, and Fred, on account of the crowded condition inside the automobile, was standing on the left running board of the automobile. As the automobile approached the scene of the accident, Mrs. Thetford saw the street car coming north on Hemphill street. It was on a side track which ran alongside and east of the main track. Along the west curb of the street, in the vicinity of the switch point, where the side track rejoins the main track, some automobiles were parked in such a position as to leave but a narrow space between the parked automobiles and the main line track. Seeing the street car approaching, Mrs. Thetford speeded up the automobile she was driving, in an attempt to pass around the parked automobiles, in advance of the street car. In doing so, the left wheels of her automobile ran along between the rails of the main line street car track. Just about the time she reached the switch point, she had cleared the parked automobiles. She then swerved her automobile to the right in order to give clearance to the oncoming street car. At this juncture the street car reached the switch point, and ran against the Thetford automobile. The left front corner of the street car struck the Thetford automobile, near the rear end of the running board. Fred was knocked to the ground, and sustained the injuries of which he complains. None of the other occupants of the automobile were hurt. Among other things, the jury found, in effect, that the collision was brought about by the concurring negligence of the traction company and Mrs. Thetford; and that Fred was not guilty of negligence in riding on the running board as he did.

That Fred, notwithstanding his immature age, was fully capable of appreciating the dangers incident to his riding on the running board finds strong support in the evidence. The trial court, over the objection of the plaintiff in error, instructed the jury as follows: "Negligence is the failure to use ordinary care and negligence of a child is to be measured by the standard of care which an ordinarily prudent child of similar age would exercise. Ordinary care is that care which a person of ordinary prudence would exercise under the same or similar circumstances, and, as to a child, is such care which a child of ordinary prudence of that age would exercise." This charge is erroneous. In the respect that it deals with negligence on the part of a child, the charge bears directly on the special issue submitted to the jury which called for a finding as to whether or not Fred was guilty of negligence in riding on the running board of the automobile. The effect of the charge was to exclude from consideration the question, raised by the evidence, of Fred's capacity to appreciate the dangers of said situation, for the standard of care set up in the charge is such degree of care as a child of ordinary prudence, of Fred's age, would have exercised under the circumstances.

904

Plainly this is not the law. In determining whether negligence is chargeable against a child who has passed beyond the age of irresponsibility, an inquiry as to the extent of his capacity to appreciate the dangers of the situation is of prime importance. The law requires that he exercise such degree of care as a person of his capacity would ordinarily exercise, under like circumstances. The matter of age, though germane to the question of capacity, is not necessarily of controlling force. These principles find support in the following decisions: Missouri, K. & T. Ry. Co. v. Rodgers, 89 Tex. 675, 36 S. W. 243; Texas & P. Ry. Co. v. Phillips, 91 Tex. 278, 42 S. W. 852; Texas & P. Ry. Co. v. Crump, 102 Tex. 250, 115 S. W. 26; Cook v. Navigation Co., 76 Tex. 353, 13 S. W. 475, 18 Am. St. Rep. 52.

■ Relative to the matter of discovered peril, the trial court submitted to the jury the following special issues:

"No. 5. Did the motorman see the plaintiff's automobile before the contact of the street car with it?" The jury answered "Yes."

"No. 6. If you have answered No. 5 'No' do not answer No. 6; but if you have answered it 'Yes' then answer: After the motorman saw plaintiff's automobile, did he use ordinary care to use all the means at his command consistent with his own and his passengers' safety to avoid the collision?" The jury answered "No."

The evidence is inconclusive as to the fact of the motorman's discovering the perilous situation in time to avoid the collision, by the use of the means at hand, even should it be conceded that such fact is shown at all. It will be observed that those special issues do not call for a finding as to such discovery being in time to avoid the collision. This time element cannot be ignored in determining the asserted right of the defendant in error to recover on the ground of discovered peril. The defectiveness of the special issue in this particular was seasonably pointed out by the traction company, and made the basis of an objection to the submission of the special issues as framed. The trial court erred in overruling this objection. As said by Judge Critz, speaking for this Commission, in Northern Texas Traction Co. v. Weed, 300 S. W. 41, 44: "The vital and controlling issue in every case of discovered peril is whether the perilous position of the injured party is discovered in time to avoid the injury by the use of all the means at hand. In nearly all cases of injury there is a discovery of the danger at some point prior to the injury, and the crucial issue is the time of discovery."

■ These special issues go to a ground of recovery asserted by the defendant in error. It therefore did not devolve on the traction company to prepare special issues covering

the subject, and request that they be given. All that was required of the company, in order to preserve its right to complain of the defect, was to point it out, as was done, and make timely objection on that ground. Gulf, C. & S. F. Railway Co. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183; Gulf, C. & S. F. Railway Co. v. Locker (Tex. Com. App.) 273 S. W. 831.

The traction company contends that the evidence did not raise the issue of discovered peril; and also that the evidence shows, as a matter of law, that Fred was guilty of contributory negligence. It is not necessary for us to pass on those questions, since the evidence may not be the same at another trial.

Inasmuch as B. Thetford and his wife have not appealed from the judgment rendered against them in their individual capacity, we recommend that the judgment of the trial court, in that respect, be affirmed; but that, in all other respects, the judgment of the trial court and that of the Court of Civil Appeals be reversed, and the cause remanded.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both in part affirmed and in part reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.