## TEXAS CO. et al. v. IVEY et al.

### No. 5123.

Court of Civil Appeals of Texas. Amarillo.

Sept. 8, 1941.

Rehearing Denied Oct. 13, 1941.

Underwood, Johnson, Dooley & Wilson, of Amarillo, for appellants.

Stennis & Osborne, of Pampa, for appellee W. H. Ivey.

John F. Studer and Willis & Via, all of Pampa, for appellee Llano Const. Co.

FOLLEY, Justice.

This is an appeal from a judgment in the sum of $26,952.40 in favor of the appellee W. H. Ivey, and against the appellants, the Texas Company and T. D. Fitzgerald, driver of its truck, as a result of injuries suffered by Ivey when he was struck by the Texas Company truck. Ivey was employed by the Llano Construction Company which carried compensation insurance with the Southern Underwriters. The latter company paid Ivey compensation and he joined such company in this suit recognizing its right of subrogation.

This court submitted this cause to the Supreme Court upon certified questions and the opinion of the Supreme Court may be found in 152 S.W.2d 738. A sufficient statement of the case is made in that opinion and we shall not attempt to restate the case.

The Supreme Court has resolved against the appellants the questions presented relative to the submission of unavoidable accident and the argument of appellees' attorney in connection therewith. We think these matters constituted the controlling issues in this appeal.

In addition to the questions decided by the Supreme Court the appellants in numerous propositions have attacked the submission of the special issues involving discovered peril upon which the judgment is predicated. Suffice it to say that in our opinion these issues, considered with the charge as a whole (Allcorn v. Fort Worth & R. G. Ry. Co., Tex.Civ.App., 122 S.W.2d 341, writ refused), were substantially in keeping with the doctrine of discovered peril as announced in this jurisdiction and in conformity with the pleadings and proof. These assignments are overruled. Baker v. Shafter, Tex.Com.App., 231 S.W. 349; Northern Texas Traction Co. v. Singer, Tex.Civ.App., 34 S.W.2d 920; Hines v. Foreman et ux., Tex.Com.App., 243 S.W. 479; Northern Texas Traction Co. v. Thetford et al., Tex.Com.App., 44 S.W.2d 902; Wilson v. Southern Traction Co., 111 Tex. 361, 234 S.W. 663; Gulf, C. & S. F. Ry. Co. v. Conley et ux., 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183; Wright et al. v. Bales, 62 Ga.App. 328, 7 S.E.2d 765; 30 Tex.Jur. 681, para. 32.

We are not impressed with the contention of the appellants that the verdict of the jury was excessive. The facts reveal that

the appellee's leg was crushed between the Texas Company truck and the Llano Construction Company truck upon which the appellee was riding. Due to the injury and the intense pain incident thereto the appellee was rendered unconscious immediately after the collision in which condition he remained for about thirty days. He was confined to bed in a hospital and at home for almost a year during which time his leg was placed in a cast and the cast removed seven times. This leg became infected and finally had to be amputated about ten months following the injury. During all this time the appellee suffered intense pain and was still suffering pain up to the date of the trial some eighteen months after the injury. The testimony further showed that the appellee was earning about $90 per month at the time of the injury and had a life expectancy of 21½ years. Under all these facts we are of the opinion the jury did not abuse its discretion in assessing the damages. 13 Tex.Jur. 270, para. 155.

The judgment is affirmed.