**TEXAS & N. O. R. CO. v. DARTON et al.**

No. 12280.

Court of Civil Appeals of Texas.
San Antonio.

May 31, 1951.

Rehearing Denied June 27, 1951.

Stofer, Proctor, Houchins & Anderson, Victoria, for appellant.

W. Pat Camp, San Antonio, Guittard & Henderson, Victoria, for appellees.

NORVELL, Justice.

This is an appeal from a judgment for $21,236.00 (of which $3,911.00 was awarded to intervener, Texas Employers' Insurance Association, a workmen's compensation insurance carrier), rendered against appellant, Texas and New Orleans Railroad Company, by reason of injuries sustained

by appellee, Ike Preston Darton, on August 23, 1948, when he was run over by a train on a spur track alongside a cotton warehouse in Victoria, Texas.

Darton was employed by the Victoria Compress and Warehouse Company and had gone into one of the box cars of appellant, then standing alongside the loading platform of the warehouse, for the purpose of getting a hand loading truck. He made use of a steel plank extending from the platform to the freight car for this purpose. Upon leaving the car, and while upon the plank, the train containing the box car was moved and appellee fell beneath the wheels of the car and was injured.

The jury, in answer to Special Issues Nos. 1, 4 and 6, found the servants and employees of the appellant were negligent (a) in moving the box car without first ascertaining that it was reasonably safe to do so; (b) in failing to keep a proper lookout, and (c) in failing to give proper warning of the proposed movement of the train. The jury also found these acts and omissions to be proximate causes of appellee's injuries and absolved him of contributory negligence.

By its second point, appellant contends that the court should have peremptorily instructed the jury to return a verdict in its favor, for the reason that there was no evidence of negligence, in that said appellant was under no duty to discover appellee's presence in or about the train and warn him of its impending movement. Appellant apparently bases this contention of lack of duty upon the proposition that appellee was a trespasser and asserts by its first point that the trial court erred in allowing the manager of the compress company to testify that the railroad tracks where appellee was injured were upon property belonging to the compress company.

■ It appears that the compress and warehouse building here involved is located between two railroad spur tracks; the one to the north of the building being a Southern Pacific (T. & N. O.) track, and the one on the opposite side of the build-

ing being a Missouri Pacific track. Shortly prior to the time he was injured, appellee was working upon the Missouri Pacific side of the building. He had left a hand truck in a box car in a string of cars along the Southern Pacific side and was ordered by his superior, a "straw boss," to go get the hand truck. This he attempted to do with the results above set out. No whistle was blown before the train started to move. It seems the locomotive bell was rung but appellee did not hear it. Appellant's employee who gave the signal for the train to move was not in a position to see the connecting plank between the box car and the compress platform. In passing upon the contention that an instructed verdict should have been given, we are required to view the evidence in the light most favorable to the prevailing party below. Under this rule, the evidence was sufficient to take the case to the jury. There was a string of cars standing along the compress platform, evidently for some purpose connected with the business of the compress company, and a jury could reasonably conclude that it should have been anticipated by the carrier's employees that servants of the compress company might be working in and about the cars and the platform, particularly when a visible steel gangplank was down connecting the compress platform with a box car. We think the railroad company was under a general duty toward appellee to keep a lookout for him and such other persons as may have been in or about its cars and tracks. Gulf, Colorado and Santa Fe Ry. Co. v. Russell, 125 Tex. 443, 82 S.W.2d 948; Texas and Pacific Ry. Co. v. Watkins, 88 Tex. 20, 29 S.W. 232; Rio Grande, El Paso & Santa Fe R. Co. v. Guzman, Tex.Civ.App., 221 S.W. 1105; Texas and New Orleans R. Co. v. Zarate, Tex.Civ.App., 74 S.W.2d 721, wr. ref.

■ We are further of the opinion that there was no error in allowing the manager of the compress company to testify that the railroad tracks were upon the property of the compress company. This is not a title suit and the inquiry was of a collateral nature. The error, if any, was also harmless, for the reason that under the facts of this case, had the tracks been upon railroad

property instead of the compress company's property, appellant's duty toward appellee would not have ceased to exist. This is a case of injury resulting from the movement of a train and not a case wherein a person has been injured because of an alleged dangerous condition of premises.

We overrule appellant's first and second points.

 By its third point appellant asserts that the trial court improperly allowed appellee to testify to a conclusion in saying that the jerk of the train caused him to fall. Appellee stated that, "After I went in there to get my truck and was on my way out and when I was on the plank, that is when the train jerked and I fell between the walk and the box car." He was asked what caused him to fall, and replied, "The jerk from the train."

In our opinion, appellant's said third point is without merit and is accordingly overruled.

We also overrule appellant's fourth point, asserting that the award of damages (of which $20,000 was for physical pain, mental anguish and loss of earning capacity) is excessive. The evidence shows that appellee was nineteen years of age when injured and was then earning sixty cents per hour as a laborer; that after he fell under the car he was dragged along the track for some distance and his right leg was mangled and crushed; that he underwent two surgical operations and his leg was amputated above the knee. El Paso City Lines, Inc. v. Harris, Tex.Civ. App., 233 S.W.2d 620; Texas Co. v. Ivey, Tex.Civ.App., 154 S.W.2d 694; American National Ins. Co. v. Denke, Tex.Civ.App., 65 S.W.2d 522 (reversed on other grounds), 128 Tex. 229, 95 S.W.2d 370, 107 A.L.R. 409.

Appellant's fifth point is overruled on authority of Seinsheimer v. Burkhart, 132 Tex. 366, 122 S.W.2d 1063.

By its next three points appellant asserts that the evidence was insufficient to authorize the submission of Special Issues Nos. 1, 4 and 6. The sum total of the argument presented under these points is that there was no evidence of negligence to take the case to the jury. What we have said with reference to appellant's second point is applicable here, and for like reasons we overrule appellant's sixth, seventh and eighth points.

By its ninth to thirteenth points, inclusive, appellant complains of the wording employed in submitting Special Issues Nos. 1, 4 and 6. No authorities are cited to sustain appellant's contentions. In our opinion, the issues were neither multifarious nor confusing to the jury. We overrule said points.

Appellant's brief discloses no reversible error and the judgment appealed from is accordingly affirmed.