# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00315-CV

**Emilio Zamora, Individually, and Angela Valenzuela, Individually and as Next Friends of Luz Zamora, Appellants**

**v.**

**Mark Kazanoff, Jamy Kazanoff, and Ruby Miranda, Individually and Jointly and as Next Friends of Aaron Kazanoff, a minor, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT NO. D-1-GN-05-001143, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Luz Zamora, an eight-year-old child at the time of the events at issue here, was injured while she was playing outside with two other neighborhood children. Luz's parents, Emilio Zamora and Angela Valenzuela, sued appellees, including Aaron Kazanoff (a six-year-old child at the time), his parents, and his babysitter, Ruby Miranda, on various theories of negligence. The district court granted summary judgment in favor of appellees on some claims, and a jury found in favor of appellees on the remaining claims. We affirm the district court's judgment.

*Background*

On May 4, 2004, three neighbor children, Luz Zamora, Aaron Kazanoff, and Robin Daemmrich, were playing in the cul-de-sac of their street. Aaron was being supervised by

Ruby Miranda, the Kazanoffs' babysitter.[1]  The children were playing with a ride-on, battery-powered car.  They were pushing each other around because the car's battery was not working.  At some point, Aaron went into his parents' garage.  Unable to find the rope the children had used in the past to play towing games, Aaron retrieved a 36-inch bungee cord with metal hooks on either end.  This and other bungee cords were hooked at the top of a storage shelf in the garage with camping equipment.  Aaron wrapped the bungee cord around the steering wheel of the car so that he and his friends could pull each other using the cord.  Aaron's hand slipped, and the cord flew forward and struck Luz in the eye, resulting in a partial permanent loss of vision in that eye.  At the time of the incident, Luz was roller skating in front of the car, Robin was riding in the car, and Aaron was behind the car, pulling the car with the cord.

Luz's mother was home at the time of the incident and had given Luz permission to go outside to play.  She was supervising Luz "indirectly" through an open window.  Luz's parents had neither spoken to Ms. Miranda on the day of the incident nor requested that Ms. Miranda supervise Luz.

On April 12, 2005, Luz's parents brought causes of action against appellees—Aaron, Aaron's parents, and Ms. Miranda—based on various theories of negligence.  The Kazanoffs filed a motion for partial summary judgment, arguing that Aaron owed no duty to Luz because the injury was not foreseeable to Aaron.  On April 10, 2006, the district court granted summary judgment as to the Kazanoffs as Next Friends of Aaron.  The remaining claims went to trial on May 9, 2006.  At

---

[1]  Appellants refer to Ms. Miranda as the housekeeper while appellees refer to her as the babysitter.  The distinction is not relevant to our analysis, and where necessary, we adopt the term used by her employers, referring to her as the babysitter.

the conclusion of appellants' case in chief, appellees moved for a directed verdict. During argument on appellees' motion, appellants expressly withdrew their claims for agency, actual entrustment, and negligent entrustment of a chattel. They also stipulated that they were not seeking relief based upon the legal theory of parent-child vicarious liability. The court granted a directed verdict as to the withdrawn claims and as to appellants' negligence per se claim. Thus, when the case was finally submitted to the jury, the only issues remaining were negligence as to Ms. Miranda and vicarious liability as to the Kazanoffs. The jury found in favor of appellees on the remaining issues. On February 8, 2007, the district court entered a final judgment in favor of appellees on each of these remaining claims. This appeal followed.

**Discussion**

Appellants present four issues on appeal. They challenge jury instructions on negligence and parental liability. Appellants also question the sufficiency of the evidence to support the jury's verdict.

In their first issue, appellants argue that Aaron's negligence, or what they term "negligence of the actor," should have been submitted to the jury. According to appellants, the jury should have been asked to determine whether six-year-old Aaron's conduct was negligent. As an initial matter on this issue, appellants challenge the district court's summary judgment, which disposed of the negligence claim as to Aaron as a matter of law.

We review the district court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Summary judgment is proper when there are no disputed issues

3

of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). When reviewing a summary judgment, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Valence Operating Co.*, 164 S.W.3d at 661; *Knott*, 128 S.W.3d at 215. Where, as here, the district court stated no specific grounds for granting summary judgment, we will affirm the summary judgment if any ground presented to the district court is meritorious. *See Pickett v. Texas Mut. Ins. Co.*, 239 S.W.3d 826, 840 (Tex. App.—Austin 2007, no pet.).

In their motion for summary judgment, appellees argued that Aaron owed no legal duty to Luz because the injury was not foreseeable to Aaron and because the causation element was missing. A negligence cause of action requires a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002) (citing *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex. 1987)). Duty, the threshold inquiry in any negligence case, is a question of law. *Chon Tri v. J.T.T.*, 162 S.W.3d 552, 563 (Tex. 2005); *Poole*, 732 S.W.2d at 311. A duty is a legal obligation that requires the defendant to conform to a certain standard of conduct. *See Way v. Boy Scouts of Am.*, 856 S.W.2d 230, 233 (Tex. App.—Dallas 1993, writ denied).

Even in the absence of a specific legally prescribed duty, each person has a general duty to exercise reasonable care to avoid a foreseeable risk of injury to others. *See Poole*, 732 S.W.2d at 311; *Lukasik v. San Antonio Blue Haven Pools*, 21 S.W.3d 394, 403 (Tex. App.—San Antonio 2000, no pet.). Conversely, in the absence of foreseeability, unless legally prescribed, there is no duty. *NationsBank, N.A. v. Dilling*, 922 S.W.2d 950, 954 (Tex. 1996).

4

Determining whether a defendant owes a duty to act reasonably, therefore, turns on the foreseeability of the risk, or what a person should, under the circumstances, reasonably anticipate as a consequence of his conduct. *See Texas Home Mgmt., Inc. v. Peavy*, 89 S.W.3d 30, 36 (Tex. 2002). A risk is foreseeable when a person of ordinary intelligence should have anticipated the danger that his actions or inactions would create for others. *Doe v. Boys Clubs*, 907 S.W.2d 472, 478 (Tex. 1995); *Garcia v. Cross*, 27 S.W.3d 152, 156 (Tex. App.—San Antonio 2000, no pet.). Where, as here, the allegedly negligent actor is a minor, the standard of comparison is what a reasonably prudent child of the same age, intelligence, experience, and capacity as the actor would have done in the same or similar circumstances. *Rudes v. Gottschalk*, 324 S.W.2d 201, 206-07 (Tex. 1959).

Based on these standards, our analysis turns on whether a six-year-old child of similar age, intelligence, experience, and capacity as Aaron could have anticipated the danger and harmful consequences of playing with the bungee cord. *See id.* The summary-judgment evidence shows that six-year-old Aaron and his friends had played towing games before, using a rope rather than a bungee cord. Unable to find the rope they normally used, Aaron substituted the bungee cord. We cannot conclude that a six-year-old child, having played towing games without incident in the past, would have appreciated the danger of substituting a bungee cord for the rope. Indeed, even if the children had never played towing games before, with a rope or otherwise, unless having had some experience with bungee cords—and the summary-judgment evidence shows that Aaron did not—a

5

six-year-old cannot be expected to understand that the cord could snap with enough force to cause severe injury.[2]

Citing *Rodriguez v. Spencer*, appellants broadly state that "[m]inors are civilly liable for their torts." 902 S.W.2d 37, 42 (Tex. App.—Houston [1st Dist.] 1995, no writ). In *Rodriguez*, however, the minor was a participant in the beating and stabbing death of another, and the question presented to the court was the extent of parental liability when minors commit intentional torts. *Id.* at 39-40. Here, there is no allegation that the injury to Luz was caused by an intentional act.

Appellants also quote *Northern Texas Traction Co. v. Thetford*, asserting that "[t]he matter of age, although germane to the question of capacity, is not necessarily of controlling force." 44 S.W.2d 902, 904 (Tex. Comm'n App. 1932, holding approved). In *Thetford*, the minor's parents brought suit against a street car company when their nine-year-old child was injured in a collision while standing on the running board of the vehicle driven by his parents. *Id.* at 903. The cited quote is in regard to the court's discussion as to whether a minor child could be contributorily negligent, as determined by his capacity to perceive the dangers of riding or standing on the vehicle's running board while it was in motion. *Id.* at 903-04. Remanding the case based on the omission of the term "capacity" in the jury instructions, the court made no determination as to whether the evidence showed, as a matter of law, that the nine-year-old child was contributorily negligent. *Id.* at 904.

---

[2] As a matter of comparison, the summary-judgment evidence shows that neither seven-year-old Robin, who actively participated in the towing game, nor eight-year-old Luz, who continued skating in front of the car after the appearance of the bungee cord, anticipated the danger of using the bungee cord as a tow rope.

In *MacConnell v. Hill*, another case cited by appellants, in refusing to hold a six-year-old child liable for contributory negligence for failing to keep a lookout for his own safety in an automobile repair garage after having been warned repeatedly to stand back, the court explained: "Young boys are very curious as a rule, and no different than adults except as to their ability to foresee and anticipate danger, and the harmful consequences that may happen as a result of their curiosity." 569 S.W.2d 524, 527 (Tex. Civ. App.—Corpus Christi 1978, no writ). The court in *MacConnell* ultimately found the jury's answer apportioning sixty percent of the negligence to the child to be "so against the overwhelming preponderance of the evidence as to be clearly wrong." *Id.* at 528.

Here, citing to evidence that, some time before the incident, Ms. Miranda had observed Aaron playing with one of the bungee cords and took it from him, as well as to evidence that the bungee cords were stored in the garage out of Aaron's reach, appellants repeatedly assert that Aaron knew that he was not supposed to play with the bungee cord. According to appellants, "[t]he standard of care is whether this boy knew, or should have known, that he should not play with [the bungee cord]." Even assuming that, as appellants assert, Aaron knew he was not supposed to play with the bungee cord, this is not the standard by which we determine foreseeability. Children are often forbidden to play with items that are not inherently dangerous, and even if Aaron knew that he was not allowed to play with the cord, this bears no weight on whether Aaron could reasonably foresee that the particular use of the cord could cause the injury in question. Again, in light of the evidence that the children had previously played towing games with a rope and absent evidence that Aaron had any experience with bungee cords, we cannot conclude that a six-year-old child

7

would appreciate the potential dangers of playing with a bungee cord.  Accordingly, we hold that the district court properly granted summary judgment in favor of Aaron.

As part of their "negligence of the actor" issue, appellants also argue that the district court should have instructed the jury as to Aaron's negligence, "the order of summary judgment notwithstanding."  Appellants further argue that, even if summary judgment as to Aaron was proper,

> [t]he conduct of Aaron Kazanoff was a controlling issue of fact in the case.  The evidence supported the submission of the question, and the jury could not answer the questions concerning the negligence of the adults without considering the negligence of Aaron Kazanoff.

Again, the threshold inquiry in a negligence case is duty.  *Poole*, 732 S.W.2d at 311.  Appellants argue that the "summary judgment evidence raises a question of fact concerning Aaron Kazanoff's capacity, and hence his negligence."  Duty, however, is a question of law to be determined by the court.  Although factual issues sometimes must be resolved to determine whether a duty exists, *see Fort Bend County Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 395 (Tex. 1991), our analysis here is based on what a six-year-old could have foreseen in similar circumstances.  No fact issues need be resolved for us to determine that a six-year-old, even an "exceptionally intelligent" one, as appellants describe Aaron, could not understand the potential dangers of playing towing games with a bungee cord.

A trial court must submit "such instructions and definitions as shall be proper to enable the jury to render a verdict."  Tex. R. Civ. P. 277.  A party is entitled to a jury question, instruction, or definition if the pleadings and evidence raise an issue.  Tex. R. Civ. P. 278.  An

8

instruction is proper if it (1) assists the jury, (2) accurately states the law, and (3) finds support in the pleadings and evidence. *Id.*; *see also Texas Workers' Comp. Ins. Fund v. Mandlbauer*, 34 S.W.3d 909, 912 (Tex. 2000). Because we find no duty as a matter of law, the pleadings and evidence at the conclusion of trial did not support the submission of negligence as to Aaron, and the district court properly refused to submit a negligence question as to Aaron. Accordingly, we overrule appellants' first issue.

In their second issue, appellants argue that the broad-form negligence question was improper, as it submitted the negligence of three adults in one question and "did not distinguish between the various causes of action applying to each role." The jury question at issue is the following:

> Did the negligence, if any, of any of those named below proximately cause the injury to Luz Zamora?
>
> "Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.
>
> "Ordinary care" means the degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.
>
> "Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Appellants suggest error in this submission based on confusion to the jurors:

> The standards are different. The general negligence instruction was proper only to the conduct of Ruby Miranda, the housekeeper. Mark Kazanoff in replacing the bungee cord in the garage, if that negligence is not confused with his vicarious liability for the acts or omissions of Ruby Miranda. Mrs. Kazanoff could be found negligent for failing to train the housekeeper that her son should not play with bungee cords, if that negligence is not confused with her vicarious liability for the acts or omissions of Ruby Miranda.

As alternatives to the question submitted, appellants set out multiple questions and instructions that could have been and, they contend, should have been, submitted to the jury. They ultimately conclude that:

> Because the Court failed to instruct the jury on the different standards of care as respects each role undertaken by the defendants, the jury could not assess negligence correctly.

Despite setting out multiple alternative questions and instructions on appeal, appellants made none of these suggestions before the district court. Indeed, as to the negligence submission, appellants neither made any objection nor requested any additional question or instruction as to vicarious liability. Appellants' only objections were as to the absence of negligence per se questions and instructions. Accordingly, appellants have waived any error as to the negligence submission. *See* Tex. R. Civ. P. 273, 274; Tex. R. App. P. 33.1.

Even if appellants had properly preserved error on this point, we find no support for their contention that:

> In any case where the jury is asked to determine the negligence of an actor and someone vicariously liable for his/her conduct, the negligence of the actor(s) must

10

be separately submitted. Whether the employer is vicariously liable for the same act that the actor has been found negligent for committing should be separately submitted—because it is a different factual inquiry.

Appellants' theory is supported by neither the case they cite, *FFP Operating Partners LP v. Duenez*, 237 S.W.3d 680 (Tex. 2007) (holding that the proportionate responsibility scheme set out in chapter 33 of the civil practice and remedies code applies to the Dram Shop Act), nor by any other case of which we are aware. Rather, Texas law requires a trial court to use broad-form submissions of liability in jury charges wherever feasible. Tex. R. Civ. P. 277; *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 198 (Tex. 2004). Accordingly, we overrule appellants' second issue.

In their third issue, appellants contend that the jury should have been instructed on parental liability. According to appellants:

Based on the evidence at trial, the jury could only have found Mrs. Kazanoff vicariously liable for the torts of her son or the housekeeper. The jury could have found that Mr. Kazanoff was likewise vicariously liable for the torts of his son.

Appellants' parental liability argument fails on multiple grounds. First, although appellants pleaded parental liability in their original petition, they apparently abandoned this claim in their second amended petition, their live petition. By amending their petition and eliminating parental liability as a ground of recovery, appellants have waived this complaint on appeal. *See* Tex. R. Civ. P. 65 (an amended pleading supplants a prior one); *see also Randolph v. Walker*, 29 S.W.3d 271, 274-75 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (amended pleading acted as a nonsuit as to omitted parties and claims).

11

Second, during arguments on appellees' motion for directed verdict, appellants stipulated that they were seeking no relief on a theory of parental liability:

Counsel: But with regard to the arguments made by opposing counsel, vicarious liability, to the extent any of that appears in our pleadings, we are not seeking any relief based on that legal theory.

Court: No vicarious liability related to Aaron's—

Counsel: Parent-child. Correct, parent-child.

. . . .

Court: All right. To the extent that it still exists, I'll grant the motion for directed verdict on that point.

Third, even if parental liability had survived as a potential ground for recovery to be submitted to the jury, appellants made no objection to the omission of parental liability in the jury charge. As noted above, appellants objected to the jury charge only as to the absence of negligence per se questions and instructions. Accordingly, appellants have waived any error as to the parental liability submission. *See* Tex. R. Civ. P. 273, 274; Tex. R. App. P. 33.1.

Finally, even if appellants had a viable claim for parental liability on appeal, they point to no authority to support their argument that the jury should have been so instructed. They generally assert that parents can be "found negligent through vicarious liability" and that, in cases involving the negligence of both child and adult in a single occurrence, "the standard of care applicable to each must be separately defined." *See Rudes*, 324 S.W.2d at 206-07; *Rodriguez*, 902 S.W.2d at 42; *MacConnell*, 569 S.W.2d at 527. Appellants do not, however, point to any pleadings or evidence that would have supported a parental-liability instruction in this case, and

12

we find none.  *See* Tex. R. Civ. P. 278; *Mandlbauer*, 34 S.W.3d at 912.  Accordingly, we overrule appellants' third issue.

In a fourth issue, appellants challenge the sufficiency of the evidence to support the district court's judgment.  Specifically, appellants argue that there was legally insufficient evidence to support the jury's "no" answer as to whether Ms. Miranda's negligence proximately caused Luz's injury.

As already noted, the threshold inquiry in a negligence case is duty.  *Poole*, 732 S.W.2d at 311.  In the absence of a duty, there can be no negligence.  *Id.*  In submitting the negligence question as to Ms. Miranda, the district court impliedly determined either that Ms. Miranda owed a duty to Luz or that the question of whether Ms. Miranda owed a duty turned on a factual determination.  *See Chon Tri*, 162 S.W.3d at 563 (the existence of duty is a question of law); *Sbrusch*, 818 S.W.2d at 395 (a jury question about a duty's existence can arise where the underlying facts used to determine duty are in dispute).  Although determining the existence of a duty may sometimes require the resolution of fact questions, which could be reviewed on sufficiency grounds, the underlying facts germane to the existence of a duty with respect to Aaron are undisputed.  There is no dispute that Aaron was six years old at the time of the incident, that the neighborhood children frequently played together, that they had played towing games with a rope before, and that Luz's injury was unintentional.

In the absence of disputed facts, the issue of duty is to be determined as a matter of law.  *See Chon Tri*, 162 S.W.3d at 563.  Thus, although appellants assert sufficiency as the ground for relief, we may affirm on the ground that the district court erred by submitting the negligence

13

question in the first place.[3]  *See Kukis v. Newman*, 123 S.W.3d 636, 639 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (trial court erred as a matter of law in submitting negligence question where no duty was owed).

We find no legal authority to support the imposition of a duty in these circumstances. Generally, one person is under no duty to control the conduct of another, even if he has the practical ability to exercise such control.  *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex. 1983). Courts have carved out special relationships that are exceptions to the general no-duty rule where a special relationship exists between an actor and another that imposes upon the actor a duty to control the other's conduct, including parent-child and employer-employee.  *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990).  None of these exceptions apply here, and appellants have pointed us to no exception to the general "no duty" rule that could create a duty in this circumstance.

Courts should only submit questions, definitions, and instructions when the submissions will help the jury to understand the meaning and effect of the law.  Tex. R. Civ. P. 278; *Houghton v. Port Terminal R.R. Ass'n*, 999 S.W.2d 39, 45 (Tex. App.—Houston [14th Dist.] 1999, no pet.).  Here, the submission of the negligence question as to Ms. Miranda was not supported by the pleadings or evidence, even accepting each of appellants' allegations as true.  We, therefore,

---

[3] Appellees were not required to file a cross appeal challenging the threshold submission on this issue, as they were not seeking to alter the district court's judgment or seeking any additional relief than that granted by the judgment.  *See* Tex. R. App. P. 25.1(c) ("[A] party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal. . . .  The appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause.").

overrule appellants' sufficiency challenge on the grounds that submission of the negligence question itself was improper because, as a matter of law, Ms. Miranda owed no duty to Luz.

*Conclusion*

Having overruled each of appellants' issues, we affirm the judgment of the district court.

                            _____

                            G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed:   November 6, 2009