**J.T.T. and M.T., Appellants,**

v.

**CHON TRI a/k/a Hien Dinh Nguyen and Theravada Buddhist Corporation, Appellees.**

No. 01–02–00084–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 19, 2003.

Kevin McEvily, Richard L. Flowers, McEvily & Flowers, Houston, for appellants.

Grant Parker Harpold, Hargis & Harpold, L.L.P.; Matthew John Oprendek, Michele Quattlebaum, Preston & Cowan, Houston, for appellees.

Panel consists of Justices TAFT, KEYES, and HIGLEY.

## OPINION ON MOTION FOR REHEARING

EVELYN V. KEYES, Justice.

Appellees, Chon Tri a/k/a Hien Dinh Nguyen and the Theravada Buddhist Corporation, filed motions for rehearing and rehearing en banc on May 5, 2003. We deny the motion for rehearing, but withdraw our previous opinion and substitute this opinion in its place to clarify the legal basis for our conclusions.

J.T.T. and M.T. (the sisters), plaintiffs/appellants, ask this Court to determine whether we should reform the trial court's judgment to correctly reflect the jury's verdict. In two points of error, they challenge (1) the absence of a finding in the judgment that the defendants were jointly and severally liable for all damages awarded, despite the jury's finding of a civil conspiracy, and (2) the omission of defendant Chon Tri from the judgment, despite the jury's finding that he was 5% negligent and was a co-conspirator. We reverse for reformation of the judgment.

### Factual & Procedural Background

After being sexually assaulted by a Buddhist monk, Dung Huu Khuat (who has been convicted and is now serving time for the criminal offense of rape), the sisters sued Khuat; his abbot, Chon Tri; the Theravada Buddhist Corporation of California, which governed Dung Huu Khuat and Chon Tri's temple in California; the Phap Luan Buddhist Culture Center, Inc., a Houston-based organization governing the local Buddhist congregation attended by the sisters; Ho Giac, abbot of the Houston congregation; and the Vietnamese Theravada Buddhist Sangha Congregation, also located in Houston.

In their live pleadings, the sisters sued the above-named defendants for fraud, as-

sault and battery, breach of fiduciary duty, negligence, negligence per se, gross negligence, civil conspiracy, premises liability, and intentional infliction of emotional distress. They alleged that, when performing the rituals during which the assaults took place, Khuat was acting under the supervision of Chon Tri, the Theravada Buddhist Corporation, Ho Giac, the Phap Luan Buddhist Culture Center, Inc. and the Vietnamese Theravada Buddhist Sangha Congregation; that all were aware of Khuat's improper and unlawful conduct with girls and young women prior to the incidents involving the sisters and of his intent to continue engaging in such unlawful conduct; and that they concealed their knowledge and let the conduct continue. The sisters sought to pierce the corporate veil, to recover actual damages allowed under the maximum jurisdictional limits of the court ($25,000,000 each), and to recover exemplary damages. The defendants filed cross-claims against one another seeking indemnification and contribution.

The parties stipulated Khuat's negligence, and the jury was instructed that Khuat's negligence caused the "occurrence in question" in regard to the sisters. The jury was asked whether the negligence of Chon Tri, Ho Giac, the Theravada Buddhist Corporation or the Phap Luan Buddhist Culture Center also caused the occurrence in question. The jury answered "yes" as to all but the Phap Luan Buddhist Culture Center. The jury found that Khuat was 85% negligent and that Chon Tri, Ho Giac, and the Theravada Buddhist Corporation were each 5% negligent. The jury further found that Khuat, Chon Tri, Giac, and the Theravada Buddhist Corporation (but not the Phap Luan Buddhist Culture Center) were part of a civil conspiracy that injured the sisters.

The sisters filed a motion for judgment on the jury's verdict. Ho Giac and the Phap Luan Buddhist Culture Center filed a motion for judgment notwithstanding the verdict. Chon Tri and the Theravada Buddhist Corporation also filed a motion, in part for judgment notwithstanding the verdict and in part for judgment on the verdict. All four defendants filed a joint motion to disregard the jury's finding on conspiracy. In a written order signed November 24, 2001, after an October hearing on these post-verdict motions, the trial court granted the sisters' motion for judgment on the verdict and denied all of the defendants' motions. The trial court rendered a "Corrected Final Judgment" on December 17, 2001, in which it apportioned damages among Khuat, Ho Giac, and the Theravada Buddhist Corporation, did not impose joint and several liability, and rendered a take-nothing judgment for Chon Tri and the Phap Luan Buddhist Culture Center.

The sisters, Ho Giac, and the Phap Luan Buddhist Culture Center filed notices of appeal. While the appeal was pending, the sisters settled with Ho Giac and the Phap Luan Buddhist Culture Center. This Court granted an interlocutory judgment dismissing Ho Giac's and the Phap Luan Buddhist Culture Center's appeals.

The sisters have not challenged the amount of damages awarded in the judgment. Rather, they contend that the form of the trial court's judgment failed to give them the full benefit of the jury's findings.

## Discussion

In point of error one, the sisters contend that the trial court erred in failing to assess joint and several liability against all of the defendants despite the jury's finding of a civil conspiracy. The record reflects a conflict between the jury's findings and the judgment rendered.

### Civil Conspiracy

The jury found that some of the defendants engaged in a civil conspiracy that resulted in injury to the sisters. Chon Tri and the Theravada Buddhist Corporation contend that a conspiracy cannot be based on negligence, and that, even if it could, the trial court correctly disregarded the conspiracy finding because there was no evidence of conspiracy. They further argue that the sisters have not provided this Court with a record on appeal that would enable this Court to alter the judgment, and that we must presume the omitted portions of the reporter's record support the judgment. We reject each of these arguments.

■■■ First, while we recognize that a conspiracy cannot be based on negligence,[1] the issues of negligence and civil conspiracy were both submitted to the jury, and the jury determined that the defendants were liable for both causes of action. Negligence and civil conspiracy are not the same. Negligence requires (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 613 (Tex.1996). A civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *Id.* at 614; *Triplex*, 900 S.W.2d at 719. The agreement need not be formal; rather, the understanding may be tacit; and it is not essential that each conspirator have knowledge of the details; inferences of concerted action may be drawn from participation in the transactions. *Bourland v. State*, 528 S.W.2d 350, 354 (Tex.Civ.App.-Austin, 1975, writ ref'd n.r.e.). The gist of civil conspiracy is the injury the conspirators intend to cause. *Firestone*, 927 S.W.2d at 614. For a civil conspiracy to arise, the parties must be aware of the harm at the beginning of the combination. *Id.*

■■■ The fundamental difference between negligent injury and intentional injury is the specific intent to inflict injury. *Triplex*, 900 S.W.2d at 720, n. 2; *Reed Tool Co. v. Copelin*, 689 S.W.2d 404, 406 (Tex.1985). Specific intent means that the actor desires to cause the consequences of his act or that he believes the consequences are substantially certain to result from it. *Reed Tool*, 689 S.W.2d at 406. It is because the requirement of specific intent to inflict injury is absent from negligence that parties cannot engage in a conspiracy to be negligent. *Firestone*, 927 S.W.2d at 614; *Triplex*, 900 S.W.2d at 720, n. 2. But this rule of law does not entail that parties cannot conspire to cause injury by their negligence, for, in such a case, the gist of the conspiracy is not negligence, but the injury the conspirators specifically intend to cause.

Here, the sisters pleaded that Khuat committed negligence *per se* by violating both California criminal laws and sections 22.01(a), (b)(5), and (b)(10) of the Texas Penal Code, *i.e.*, by sexually assaulting, and by committing sexual assault as a clergyman in his professional character as spiritual adviser. *See* TEX. PENAL CODE §§ 22.01(a), (b)(5), (b)(10). The jury was instructed that Khuat committed negligence *per se*, and it found that Chon Tri, Ho Giac, and the Theravada Buddhist Corporation were all negligent. The sisters further pleaded that the defendants other than Khuat were liable either individually or under the doctrine of *respondeat superior* or vicarious liability. They also pleaded that the defendants engaged in a civil conspiracy to permit Khuat's assaults.

1. *See Triplex Communications, Inc. v. Riley,* 900 S.W.2d 716, 719–720 n. 2 (Tex.1995).

■ The jury found that Khuat, Chon Tri, Ho Giac, and the Theravada Buddhist Corporation participated in a conspiracy to injure the sisters, and that the sisters were injured by the "occurrence in question," *i.e.*, sexual assault by Khuat during the course of rituals that he performed at the temple.[2]

■ It is axiomatic that a legal duty must exist before a defendant may be held liable in negligence. *Triplex*, 900 S.W.2d at 720. Generally, there is no legal duty under Texas law to control the actions of third persons absent a specific relationship, such as master/servant (or, as here, temple/abbot/priest). *See id.* However, an employer may be held liable for its employee's assault on a third party if that assault stems directly from the employee's exercise, however inappropriate or excessive, of a delegated right or duty. *ANA, Inc. v. Lowry*, 31 S.W.3d 765, 770 (Tex.App.-Houston [1st Dist.] 2000, no pet.). Under Texas law, an employee's criminal acts can be within the course and scope of his employment and can impute liability to his employer, if the acts are foreseeable considering the employee's duties. *Williams v. United States*, 71 F.3d 502, 506 n. 10 (5th Cir.1995); *Gulf, C. & S.F. Ry. Co. v. Cobb*, 45 S.W.2d 323, 327 (Tex.Civ.App.-Austin 1931, writ dism'd w.o.j.).

■ Here, Khuat committed the criminal act of sexual assault during the course of performing his religious duties for the temple; and the jury can reasonably have inferred that the Theravada Buddhist Corporation, the Phap Luan Buddhist Culture Center, and abbot Chon Tri knew of Khuat's propensity and intent to assault girls and women in the course of performing religious rituals, had a duty to prevent Khuat's sexual assaults on the sisters, and knowingly participated in a conspiracy not to prevent such injuries, *i.e.*, not to protect the sisters from Khuat's assaults, knowing that they were substantially likely to occur. The conspiracy here was thus not a conspiracy to commit negligence; it was a conspiracy not to prevent—and hence to further—Khuat's criminal acts of sexual assault on the sisters, which the defendants had a duty to prevent and which they knew were substantially certain to result from their breaches of duty.[3] *See Reed Tool*, 689 S.W.2d at 406. *Firestone* and *Triplex* are distinguishable in that neither evidenced a conspiracy to inflict injury through criminal acts which the conspirators had a duty to prevent and which they knew were substantially certain to result from their breach of their duty of prevention.

■ In addition, Chon Tri conclusorily asserts that there was no evidence of conspiracy. Since neither Chon Tri nor the Theravada Buddhist Corporation filed a notice of appeal, neither can challenge on

---

2. Negligence *per se* is a common-law doctrine that imposes a duty based on a penal statute. *Reeder v. Daniel,* 61 S.W.3d 359, 361–62 (Tex. 2001); *Francis v. Coastal Oil & Gas Corp.,* No. 01–01–00457–CV, 2003 WL 21233564, —— S.W.3d —— (Tex.App.-Houston [1st Dist.] May 29, 2003, no pet. h.). Khuat was convicted of the intentional acts of assault and sexual assault. Thus the jury's finding that the defendants conspired does not entail that they conspired to commit negligence, even negligence *per se,* but that they conspired to

knowingly permit the assaults for which Khuat was convicted.

3. We note that the Texas Legislature has recently amended the Civil Practice and Remedies Code to provide that persons who act in concert to engage in certain conduct that is codified in the Texas Penal Code, including sexual assault, are jointly and severally liable for the damages caused. *See* Act of June 11, 2003, 78th Leg., r.s., H.B. 4, § 4.07(b)(2)(E) (to be codified at TEX. CIV. PRAC. & REM.CODE ANN. § 33.01).

appeal the sufficiency of the evidence to support the jury's finding on the issue of conspiracy. TEX.R.APP. P. 25.1(c); *Wal–Mart Stores, Inc. v. Garza*, 27 S.W.3d 64, 67–68 (Tex.App.-San Antonio 2000, pet. denied). Moreover, the record contains (1) the jury's findings, (2) a record of the hearing on all post-verdict motions, (3) the trial court's written rulings on all post-verdict motions, and (4) the final judgment rendered. These portions of the record are sufficient for our appellate review of the legal issues before us.

### Joint and Several Liability

A trial court must render judgment on the jury's verdict unless judgment is rendered notwithstanding the verdict or the jury's findings. TEX.R. CIV. P. 300. Here, the jury found that Khuat, Chon Tri, Ho Giac, and the Theravada Buddhist Corporation were each negligent and also that each was part of a civil conspiracy that injured the sisters. We hold that, by expressly granting the sisters' motion for rendition of judgment on the verdict, and by expressly denying the defendants motions' to disregard the jury's findings and to render judgment notwithstanding the verdict, the trial court bound itself to render a judgment affording the sisters all of the relief to which they were entitled by the jury's verdict. *See Townsend v. Catalina Ambulance Co.*, 857 S.W.2d 791, 798 (Tex.App.-Corpus Christi 1993, no writ); *Mowery v. Fantastic Homes, Inc.*, 568 S.W.2d 171, 173 (Tex.Civ.App.-Dallas 1978, no writ).

When the tortious acts of two or more wrongdoers join to produce an indivisible injury, all of the wrongdoers will be held jointly and severally liable for the entire damages. *Landers v. East Tex. Salt Water Disposal Co.*, 151 Tex. 251, 248 S.W.2d 731, 734 (1952). Once civil conspiracy is proved, each conspirator is responsible for all acts done by any of the conspir-

ators in furtherance of the conspiracy. *Carroll*, 592 S.W.2d at 926; *Operation Rescue–Nat'l v. Planned Parenthood of Houston*, 937 S.W.2d 60, 71 (Tex.App.-Houston [14th Dist.] 1996), *aff'd as modified*, 975 S.W.2d 546 (Tex.1998); *Bourland*, 528 S.W.2d at 354 (liability for conspiracy extends to all acts committed by conspirator, even if that defendant was not part of conspiracy at time of act); *Akin v. Dahl*, 661 S.W.2d 917, 921 (Tex.1983) (in action alleging existence of conspiracy to further malicious prosecution, each element of cause of action of malicious prosecution is imputed to each co-conspirator). Thus, a finding of civil conspiracy imposes joint and several liability on all co-conspirators for any actual damages that result from the conspiracy. *Akin*, 661 S.W.2d at 921; *Carroll*, 592 S.W.2d at 926; *Hart v. Moore*, 952 S.W.2d 90, 98 (Tex.App.-Amarillo 1997, pet. denied). We hold that the judgment should have included a finding that all of the defendants were jointly and severally liable for the damages awarded by the jury.

We sustain point of error one.

### Take–Nothing Judgment Against Chon Tri

In point of error two, the sisters challenge the take-nothing judgment rendered for Chon Tri despite the jury's finding that he was 5% negligent and was a co-conspirator. Chon Tri and the Theravada Buddhist Corporation contend that Chon Tri is not individually liable because he was an officer of the corporation and acted on its behalf. They repeat their contention that the judgment should not be disturbed without evidence to suggest that the trial court's judgment is not supported by the evidence. For the reasons expressed in our discussion of joint and several liability, we are persuaded that the record before us shows a conflict between

the jury's verdict and the trial court's judgment, as well as rulings from the trial court to which it should be bound.

■ The sisters argue that Chon Tri's role as a tort-feasor has been disregarded, while the Theravada Buddhist Corporation has been held vicariously liable for his acts as well as its own. We agree that this is the effect of the take-nothing judgment against Chon Tri, and that it is contrary to well-established law. Although, as here, a master may be found vicariously liable for the acts of its servant, the servant retains liability for his own torts. *Leyendecker Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex.1984); *McIntosh v. Copeland*, 894 S.W.2d 60, 63 (Tex.App.-Austin 1995, writ denied); *Leitch v. Hornsby*, 885 S.W.2d 243, 249 (Tex.App.-San Antonio 1994), *rev'd on other grounds*, 935 S.W.2d 114 (Tex.1996) (employee is responsible for own acts and may be found negligent for those acts, as may corporation under doctrine of *respondeat superior*; corporate officer or agent can also be liable to others for own negligence when officer or agent owes independent duty of reasonable care to injured party).

■ A person has a duty to prevent another's criminal acts if there is a special relationship between the tort-feasor and the criminal actor, such as employer and employee or parent and child. *Doe v. Franklin*, 930 S.W.2d 921, 927 (Tex.App.-El Paso 1996, no pet.) (grandmother who assumed task of caring for grandchild had duty not to place child in situation where risk of sexual abuse was heightened and risk was foreseeable); *see also San Benito Bank and Trust Co. v. Landair Travels*, 31 S.W.3d 312, 318 (Tex.App.-Corpus Christi 2000, no pet.) (one who controls premises has duty to use ordinary care to protect invitees from criminal acts of third parties if he knows or has reason to know of unreasonable and foreseeable risk of harm to invitee; duty to protect arises from defendant's power of control or expulsion over third person).

We hold the trial court erred in not assessing damages against Chon Tri when the jury found him both individually negligent and a co-conspirator.

We sustain point of error two.

### Conclusion

We reverse those portions of the judgment awarding damages and remand the cause to the trial court to reform the judgment by (1) imposing joint and several liability on the defendants, (2) reducing the award against the Theravada Buddhist Corporation to each of the sisters from 10% of the actual damages to 5% of the actual damages, and (3) awarding to each of the sisters 5% of their actual damages against Chon Tri.

We affirm the remainder of the judgment.