NUMBER 13-02-171-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

FRANCISCA ESCOTO, ET AL.,                                   Appellant,

 

                                           v.

 

THE
ESTATE OF ROBERT AMBRIZ, ET AL.,                    Appellee.

 

 

 

                 On appeal from the 197th
 District Court

                           of Willacy
County, Texas.

 

 

 

                        DISSENTING OPINION

 

                       Before Justices Yañez, Castillo and
Garza

                          Dissenting Opinion by Justice Castillo

 

Escoto appeals from
the trial court's order granting a motion for judgment notwithstanding the
verdict ("JNOV").  The majority
sustains the appeal and remands for entry of judgment based on the jury's
verdict.  I respectfully dissent.








As the majority notes,
"the existence of a legal duty is a question of law for the court to
decide, and that determination is made from the facts surrounding the
occurrence in question."  Chon
Tri v. J.T.T., 162 S.W.3d 552, 563 (Tex. 2005) (citing Otis Eng'g Corp.
v. Clark, 668 S.W.2d 307, 309, (Tex. 1983)).

In deciding whether to
impose a common‑law duty, this Court has applied the familiar factors, .
. . [including] social, economic, and political questions and their application
to the facts at hand.  We have weighed
the risk, foreseeability, and likelihood of injury against the social utility
of the actor's conduct, the magnitude of the burden of guarding against the
injury, and the consequences of placing the burden on the defendant. Also among
the considerations are whether one party would generally have superior
knowledge of the risk or a right to control the actor who caused the harm. 

 

Humble Sand &
Gravel, Inc. v. Gomez, 146 S.W.3d 170, 182 (Tex. 2004).

 

Although
the formulation and emphasis varies with the facts of each case, three
categories of factors have emerged:  (1)
the relationship between the parties, (2) the reasonable foreseeability of harm
to the person injured, and (3) public policy considerations.  Tex. Home Mgmt., Inc. v. Peavy, 89
S.W.3d 30, 34 (Tex. 2002) (citing Graff v. Beard, 858 S.W.2d 918, 920
(Tex. 1993); Greater Houston Transp. Co. v. Phillips, 801 S.W.2d 523,
525 (Tex. 1990)).  Generally, there is no
duty to control the conduct of others.  Id.
(citing Greater Houston Transp. Co., 801 S.W.2d at 525).  This general rule does not apply when a
special relationship exists between an actor and another that imposes upon the
actor a duty to control the other's conduct. 
Id.








In
D. Houston, Inc. v. Love, 92 S.W.3d 450, 457 (Tex. 2002), the Texas
Supreme Court held that "when an employer exercises some control over its
independent contractor's decision to consume alcoholic beverages to the point
of intoxication, such that alcohol consumption is required, the employer must
take reasonable steps to prevent foreseeable injury to the independent
contractor caused by drunk driving." 
Id.  That decision was
based, in large part, on the conclusion that impairment from alcohol
consumption presents a foreseeable risk of harm to others.  Id. (citing Otis Eng'g Corp., 668
S.W.2d at 311).  Here, however, we are
presented with a question of alleged fatigue caused by long hours on the job,
and not intoxication impairment.  

This
question was previously presented to this Court.  See Duge v. Union Pacific Railroad
Co., 71 S.W.3d 358 (Tex. App.BCorpus Christi 2001,
pet. denied). In Duge, an employee worked a regular work day, and then
also worked all night at a train derailment. 
After being on the job for twenty-seven hours, he left to drive to his
home fifty miles away.  Id. at
360.  During this trip, the employee ran
into the back of the Duges' vehicle, killing Mr. Duge.  Id. 
Appellants urged that the railroad had the duty to know of the
employee's incapacity due to fatigue but nevertheless placed him on the
highway, to the foreseeable peril of other travelers.  Id. 
This Court noted that Otis Eng'g Corp. 668 S.W.2d at 311,
requires an employer to (1) have knowledge of the employee's capacity, and then
(2) to exercise control over the incapacitated employee.  Id. at 362 (citing Otis Eng'g Corp.,
668 S.W.2d at 309-11; Jenkins v. Kemlon Prod. & Dev. Corp., 923
S.W.2d 224, 226 (Tex. App.BHouston [14th Dist.]
1996, no writ)). 








Even if we assume that
fatigue was a factor in the accident, Garcia did not know the extent of his own
fatigue.  His employer cannot be charged
with such knowledge.  Appellants cite no
Texas case law, and we have found none, imposing liability on an employer for
damages caused by a fatigued employee driving home after work.  However, there is case law declining to
impose such liability in similar circumstances.

 

Id.  The record in this case does not reflect that
Nabors had affirmative knowledge of excessive fatigue in the employee.  Instead, evidence points to length of shifts,
break policies, training policies and other issues that may impact but do not
directly establish knowledge by Nabors that this employee was so tired that his
driving would cause a foreseeable risk of harm to others.  Awareness of the potential dangers of fatigue
does not constitute the requisite knowledge that an employee has become
incapacitated; nor does it raise a duty to exercise control over that employee
after he has left the workplace.  I
similarly find no case law extending the principles of Otis Eng'g
Corp., 668 S.W.2d at 311, to the circumstances of this case.  I would conclude this case is not
distinguishable from Duge, and that no duty was owed by Nabors to
appellants.  See id.  I therefore respectfully dissent, and would
affirm the trial court's order granting the motion for judgment notwithstanding
the verdict.  

 

ERRLINDA CASTILLO

Justice

Dissenting Opinion
delivered and filed

this the 8th day of
June, 2006.