**Affirmed in Part and Reversed and Rendered in Part and Memorandum Opinion filed March 14, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00954-CV

---

## IN THE INTEREST OF T.A.Q., A CHILD

---

**On Appeal from the County Court at Law No. 2
Galveston County, Texas
Trial Court Cause No. 05-FD-0444**

---

## MEMORANDUM OPINION

This appeal involves jury findings in favor of T.A.Q.'s mother on a civil conspiracy claim in an order modifying the parent-child relationship. In seven issues, T.A.Q.'s father and paternal grandmother complain that the evidence is legally and factually insufficient to support the jury's findings, the trial court committed evidentiary error and charge errors, and exemplary damages were awarded based on a non-unanimous jury verdict. For the reasons explained below, we reverse the order in part and render in favor of T.A.Q.'s mother on the conspiracy claim.

# I. BACKGROUND

In July 2015, the trial court signed an order in a suit to modify the parent-child relationship appointing Elyse Grubb ("Mother") and James Christopher Quebe ("Father") joint managing conservators of their teenage daughter, T.A.Q. Father was given the exclusive right to determine T.A.Q.'s primary residence. Mother was given possession of T.A.Q. at the times and under the terms and conditions recommended by T.A.Q.'s counselor. Although T.A.Q. periodically stayed with Father, she lived with Father's parents, Mary Katherine Quebe ("Grandmother") and John Quebe ("Grandfather") and attended high school in the Santa Fe school district. Mother lived in Houston.

In November 2015, Father was arrested on a motion to revoke probation from a felony offense in 2011. As soon as Mother found out about the arrest, she moved to modify the July 2015 order, requesting, among other things, that she be appointed as the person with the right to designate T.A.Q.'s primary residence. Mother also requested that Father be denied access to T.A.Q. or, alternatively, that Father's periods of visitation be supervised.

Within days, Grandmother and Grandfather intervened in the suit. Grandmother and Grandfather requested that the July 2015 order be modified to appoint them as sole managing conservators of T.A.Q.; to give them the exclusive right to establish T.A.Q.'s primary residence and to make all educational decisions; to appoint Mother and Father as possessory conservators; and to require that Mother's possession of and access to T.A.Q. be supervised.

The legal dispute among the parties over custody and possession of T.A.Q. quickly became contentious. The trial court held numerous hearings and signed several temporary and interim orders. Mother eventually amended her petition for modification to include civil tort claims against Father, Grandmother, and

Grandfather, alleging that Father, Grandmother, and Grandfather engaged in unlawful actions to keep T.A.Q. away from her and to alienate T.A.Q from her. Mother asserted claims of civil conspiracy, abuse of process, and intentional infliction of emotional distress, and sought actual and exemplary damages.

A jury trial on the parties' competing claims concerning modification of the parent-child relationship and Mother's tort claims was held over several days in July 2017. Because Grandfather had passed away in October 2016, Mother proceeded with her tort claims against Father and Grandmother only.

The jury found that there had been a substantial change as to the circumstances of T.A.Q. and that it was in the best interest of T.A.Q. that Father be appointed the child's sole managing conservator.[1] As to Mother's tort claims, the jury found that Grandmother engaged in a civil conspiracy against Mother and awarded Mother $200,000.00 in past mental anguish damages and $300,000.00 in exemplary damages. The jury did not find that Father engaged in a civil conspiracy. The jury also did not find that either Grandmother or Father committed an abuse of process. Mother did not submit a jury question on intentional infliction of emotional distress.

On September 21, 2017, the trial court signed an "Order in Suit to Modify Parent-Child Relationship" appointing Father sole managing conservator of T.A.Q. and appointing Mother possessory conservator. The order incorporated the jury's findings on liability, damages, and attorney's fees awards. Grandmother and Father filed several post-judgment motions, all of which were denied by written order.

## II. ISSUES ON APPEAL

Grandmother and Father (together, "appellants"), raise seven issues on

---

[1] The parties do not appeal the trial court's modifications of the parents' rights and duties.

appeal: (1) the trial court abused its discretion by denying admission of all of the temporary and interim orders issued by the court between July 2, 2015 and the trial date of July 17, 2017, as exhibits; (2) the jury charge was fundamentally defective for failing to instruct the jury that the burden of proof for civil conspiracy was by "clear and convincing evidence"; (3) the evidence is legally and factually insufficient to support the jury's finding that Grandmother engaged in civil conspiracy; (4) the jury charge was fundamentally defective for failing to define "past mental anguish" properly; (5) the evidence is legally and factually insufficient to support the jury's finding that Mother suffered past mental anguish damages of $200,000.00; (6) the evidence is legally and factually insufficient to support the jury's finding that Mother was entitled to receive $300,000.00 in exemplary damages; and (7) the verdict awarding Mother exemplary damages was not unanimous.

Because we conclude that the evidence is legally insufficient to support the jury's findings of liability and damages against Grandmother for conspiracy, we sustain issues three, five, and six, and do not reach the remaining issues.

### III. CIVIL CONSPIRACY

In their third issue, appellants contend that the evidence is legally insufficient to support the jury's finding that Grandmother engaged in a civil conspiracy. In their fourth and fifth issues, appellants contend that the evidence is legally insufficient to support the jury's findings of past mental anguish damages of $200,000.00 and exemplary damages of $300.000.00.

### A. Legal Sufficiency Standard of Review

The test for legal sufficiency is whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review. *City of Keller*

4

*v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We view the evidence in the light most favorable to the fact finding, indulging every reasonable inference that would support it and disregarding contrary evidence unless a reasonable factfinder could not. *Id*. at 822. Evidence is legally insufficient to support a disputed fact finding when (1) evidence of a vital fact is absent, (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact. *Id*. at 810.

## B. Evidence of Liability for Conspiracy

In their third issue, appellants contend that Mother presented no evidence to support any of the elements of a conspiracy. Among other things, appellants argue that there was no evidence that Grandmother or anyone else conspired to, or committed, any unlawful act, and no evidence of any unlawful act. We agree.

Civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983). The elements of civil conspiracy are (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result. *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005).

Civil conspiracy "is not a freestanding tort cause of action." *Guardian Transfer & Storage Inc. v. Behrndt*, No. 14-14-00635-CV, 2016 WL 1267911, at *5 (Tex. App.—Houston [14th Dist.] Mar. 31, 2016, no pet.) (mem. op.) (citing *Four Bros. Boat Works, Inc. v. Tesoro Petroleum Cos.,* 217 S.W.3d 653, 668 (Tex. App.—Houston [14th Dist.] 2006, pet. denied)). Conspiracy is considered a "derivative tort" because "a defendant's liability for conspiracy depends on

participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable." *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996); *Behrndt*, 2016 WL 1267911, at *5; *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 448 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (op. on reh'g). Thus, to prevail on a civil conspiracy claim, the plaintiff must show the defendant was liable for some underlying tort. *Four Bros.*, 217 S.W.3d at 668.

The jury was instructed on the elements of conspiracy listed above, including the requirement of "one or more unlawful, overt acts," and asked whether Grandmother engaged in a conspiracy against Mother. The question was not predicated on a jury finding of any other tort claim. Thus, the jury's affirmative finding on the conspiracy claim could support the judgment only if evidence existed of another unlawful act found by the jury. *See Chu v. Hong*, 249 S.W.3d 441, 444 & n.4 (Tex. 2008) (explaining that conspiracy question not conditioned on any other tort finding could support the judgment "if there was some evidence of a conspiracy to commit any of the three other torts in the charge"); *Behrndt*, 2016 WL 1267911, at *5 (holding that plaintiff could not prevail on jury's civil conspiracy finding when the question was not conditioned on any other tort finding and other submitted tort claims were either rejected by jury or failed as a matter of law); *Hong Kong Dev.*, 229 S.W.3d at 447–49 (holding that plaintiff could not recover on jury's finding of a conspiracy involving "a common objective or course of action that resulted in damages" to plaintiff when the evidence was legally insufficient to support the only other tort claim submitted to the jury).

Here, the only other tort claim Mother submitted for the jury's consideration was abuse of process, but the jury found no abuse of process and awarded no damages on that claim. Mother does not challenge this finding. Absent an underlying unlawful act found by the jury, Mother cannot prevail on her

conspiracy claim. *See Tilton*, 925 S.W.2d at 681; *Behrndt*, 2016 WL 1267911, at *5; *Hong Kong Dev.*, 229 S.W.3d at 447–48. Because the evidence is legally insufficient to support the jury's conspiracy finding, we sustain appellants' third issue.

## C. Actual and Exemplary Damages

In their fifth and sixth issues, appellants argue that the evidence is legally insufficient to support the jury's findings that Mother suffered past mental anguish damages of $200,000.00 and was entitled to exemplary damages of $300,000.00.

The jury's findings of actual and exemplary damages were expressly conditioned on the jury's finding that Grandmother engaged in a civil conspiracy. As we have explained, Mother's civil conspiracy claim fails because there is no evidence to support it. Because there is no evidence of a conspiracy, Mother is not entitled to an award of actual damages. *See Hong Kong Dev.*, 229 S.W.3d at 449–50 (holding that plaintiff was not entitled to award of mental anguish damages expressly predicated on finding of tortious interference when evidence was legally insufficient to support that finding). And, because recovery of actual damages is a prerequisite to the receipt of exemplary damages, Mother is not entitled to recover exemplary damages. *See Juliette Fowler Homes, Inc. v. Welch Assocs., Inc.*, 793 S.W.2d 660, 667 (Tex. 1990); *Hong Kong Dev.*, 229 S.W.3d at 451. Accordingly, we sustain appellants' fifth and sixth issues.

## IV. CONCLUSION

We sustain appellants' third, fifth, and sixth issues. We do not reach the remaining issues. We reverse that portion of the order finding that Mary Katherine Quebe engaged in a civil conspiracy against Elyse Grubb and awarding

7

actual and exemplary damages against Mary Katherine Quebe, and render a take-nothing judgment against Elyse Grubb.

/s/ Ken Wise
   Justice

Panel consists of Justices Wise, Zimmerer, and Spain.