

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00230-CV

---

RAMON REYNA, JR., APPELLANT

V.

VERONICA GARCIA, APPELLEE

---

On Appeal from the 79th District Court
Jim Wells County, Texas
Trial Court No. 22-05-61914-CV, Richard C. Terrell, Presiding

---

July 13, 2023

## ORDER ON PETITION FOR PERMISSIVE APPEAL

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Pending before the court is the petition of Ramon Reyna, Jr., for permissive review.[1] He questions the propriety of the trial court's order denying him a partial summary judgment in his suit against Veronica Garcia. Garcia purportedly was the manager for a local Walmart when he slipped and fell on a water puddle within the store. As manager and one who assumed control over the store, she supposedly owed him a

---

[1] This cause having been transferred from the Fourth Court of Appeals, its precedent controls if in conflict with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

duty of care to avoid harming customers.  So, he sued her individually to recover damages, asserting causes of action sounding in tort and premises liability.  So too did he move for a partial summary judgment seeking an adjudication recognizing her individual duty of care under both causes of action.  The trial court denied the motion by written order.  Within that order, the court granted him permission to appeal and certified two "controlling questions of law as to which there [allegedly] is a substantial ground for difference of opinion[.]"  Thereafter ensued this current request for leave to appeal under section 51.014(d) of the Texas Civil Practice and Remedies Code.  We deny permission.

Per section 51.014(d), ". . . a trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable if: (1) the order . . . involves a controlling question of law as to which there is a substantial ground for difference of opinion; and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation."  TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d)(1)–(2). According to the trial court, the "controlling questions of law as to which there is a substantial ground for difference of opinion" are: "a. [w]hether a store manager owes a general negligence duty to exercise ordinary care in performing her job duties; and b. [w]hether a store manager owes a premises liability duty to make safe or warn about unreasonably dangerous conditions on the premises that she manages."

First, we find no "substantial" ground for difference of opinion on controlling questions of law.  The Texas Supreme Court authorities cited in the petition and their application to the circumstances control the outcome.

Next, the existence of legal duties arise from the facts surrounding the occurrence in question.  *Chon Tri v. J.T.T.*, 162 S.W.3d 552, 563 (Tex. 2005).  Yet, controlling issues

2

implicated in a permissive appeal must be unconstrained by factual issues. *El Paso Tool & Die Co. v. Mendez*, 593 S.W.3d 800, 805 (Tex. App.—El Paso 2019, no pet.). Facts involving the nature of Garcia's acts and the control, if any, she exercised would alter the outcome. Thus, purportedly controlling legal issues at bar are not unconstrained by factual issues.

To quote from our Supreme Court, ". . . we have broad discretion in choosing whether to exercise our jurisdiction." *Indus. Specialists, LLC v. Blanchard Ref. Co. LLC*, 652 S.W.3d 11, 21 (Tex. 2022). "We are reluctant, however, to intervene at the summary-judgment stage, with an incomplete record, and before the courts below have resolved the case on the merits." *Id.* Consequently, we exercise our discretion and deny leave to pursue a permissive appeal.

Per Curium