**Opinion filed May 7, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00090-CV
_____

## ENDURA PRODUCTS CORP AND NOVASTAR LP, Appellants

## V.

## DAVID A. ALTEMUS, Appellee

**On Appeal from the 385th District Court**
**Midland County, Texas**
**Trial Court Cause No. CV49202**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment order entered in favor of Appellee, David A. Altemus. We affirm.

In 2003, Endura Products Corp and Novastar LP entered into an agreement with World Wide Web Productions (WWWP). Under the terms of the agreement, WWWP agreed to create a computer software system for each of Appellants' businesses. Wesley Groves, WWWP's Senior Program Analyst, was the primary WWWP representative with whom Appellants dealt during the negotiations that led up to the contract. Groves made a number of representations about Appellee during

the negotiations. For instance, Groves represented that Appellee was WWWP's president and chief financial officer, that Appellee was WWWP's only investor, that Appellee was willing to allow Appellants to pull his credit report to validate the company's financial status, and that Appellee was also the majority owner of Web Design Houston, WWWP's sister company.

Three years after the parties entered into the contract, WWWP had still not provided Appellants with a functional computer system. On October 26, 2006, Groves sent an e-mail to Appellants in which he stated that the project was not going as planned and that the contract would need to be reconfigured or abandoned. By that time, Appellants had paid more than $103,000 to WWWP for the creation of the computer software system.

Appellants filed suit on April 16, 2008, and alleged claims for fraud and civil conspiracy against Appellee.[1] Appellee asserted the affirmative defense of limitations in his answer. After an adequate time for discovery, Appellee filed traditional and no-evidence motions for summary judgment. In his traditional motion for summary judgment, Appellee claimed that he was entitled to judgment as a matter of law because Appellants were barred by the statute of limitations from bringing their fraud and civil conspiracy claims. In his no-evidence motion for summary judgment, Appellee asserted that there was no evidence as to certain elements of those claims. He also argued that, in the alternative, Appellants could not show, as a matter of law, that they relied on any representations or that any representations were material. The trial court granted Appellee's motions for summary judgment. Appellee filed a motion to sever Appellants' claims against him

---

[1]Appellants also sued Avette Renee Groves d/b/a WWWP; Anabasis Solutions, LLC; and Wesley Groves for breach of contract, breach of express warranty, breach of implied warranty of good and workmanlike services, promissory estoppel, fraud, violations of the Texas Deceptive Trade Practices Act, and civil conspiracy. The trial court ultimately entered a default judgment against these defendants for approximately $1.2 million. Avette Renee Groves d/b/a WWWP; Anabasis Solutions, LLC; and Wesley Groves are not parties to this appeal.

from Appellants' remaining claims against the other defendants. The trial court granted Appellee's motion to sever and this appeal followed.

Appellants present eight issues for our review. In their first issue, Appellants allege that the trial court erred when it granted Appellee's motions for summary judgment. Appellants' second, third, fourth, and fifth issues concern whether Appellants raised a genuine issue of material fact as to the accrual date of their claims and whether such claims were barred by the applicable statute of limitations. In their sixth and seventh issues, Appellants argue that they presented more than a scintilla of evidence to raise a genuine issue of material fact as to the representation and reliance elements of their fraud claim. And, in their final issue, Appellants contend that they presented more than a scintilla of evidence to raise a genuine issue of material fact as to the "meeting of the minds" element of their civil conspiracy claim.

We review a trial court's grant of summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When reviewing a summary judgment, we take as true evidence favorable to the nonmovant. *Id.* A trial court must grant a traditional motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). The nonmovant is not required to file a response to defeat the movant's summary judgment motion; however, once the movant establishes a right to judgment as a matter of law, the nonmovant must come forward with evidence or law that precludes summary judgment. *Clear Creek*, 589 S.W.2d at 678–79. A trial court must grant a no-evidence motion for summary judgment if the nonmovant fails to produce more than a scintilla of evidence raising a genuine issue of material fact on the challenged element of the cause of action. TEX. R. CIV. P. 166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). A

nonmovant produces more than a scintilla of evidence when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Ridgway*, 135 S.W.3d at 601 (quoting *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)) (internal quotation marks omitted). Because the trial court did not specify the grounds on which it granted summary judgment, we must affirm the summary judgment if any of the grounds presented to the trial court are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

When a defendant moves for summary judgment on the affirmative defense of limitations, he has the burden to conclusively establish that defense. *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). To meet this burden, the defendant must conclusively prove when the cause of action accrued and negate the discovery rule, if applicable and at issue, by proving as a matter of law that there is no genuine issue of material fact regarding when the plaintiff discovered or, in the exercise of reasonable diligence, should have discovered the nature of its injury. *Id.*

In their second issue, Appellants contend that they raised a genuine issue of material fact as to when Appellants' claims accrued. Specifically, Appellants assert that their claims did not accrue until October 26, 2006, when WWWP first indicated that it might abandon the computer software project. In the alternative, Appellants assert that their claims did not accrue until February 24, 2005, when they last made a payment on the contract in reliance upon Appellee's fraudulent statements. Appellants also argue that the discovery rule applies to their fraud and civil conspiracy claims.

"[A] cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996).

4

Normally, a tort cause of action accrues when the allegedly tortious act is committed. *Hoover v. Gregory*, 835 S.W.2d 668, 676 (Tex. App.—Dallas 1992, writ denied) (citing *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990)). However, sometimes accrual is deferred and a cause of "action does not accrue until the plaintiff knew or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury." *S.V.*, 933 S.W.2d at 4. In *S.V.*, the Supreme Court of Texas explained that there were two types of cases in which accrual was deferred: fraud and fraudulent concealment cases, and all others. *Id.* at 4, 6. The court distinguished the two categories of cases and explained that what is known as the "discovery rule" only applies to the latter cases. *Id.* Thus, the discovery rule does not apply to the causes of action in this case even though accrual is deferred. *Id.* at 4–6. *But see Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex. 1997) ("This exception, which we call the 'discovery rule', applies in cases of fraud and fraudulent concealment, and in other cases in which 'the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable.'") (quoting *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1996) (discussing the discovery rule and deferral based on fraud) and citing *S.V.*, 933 S.W.2d at 6 (discussing same)).

In causes of action for fraud and fraudulent concealment, "accrual is deferred because a person cannot be permitted to avoid liability for his actions by deceitfully concealing wrongdoing until limitations ha[ve] run." *S.V.*, 933 S.W.2d at 6. Causes of action for fraud accrue when the fraud is perpetrated or, if concealed, when the fraud is discovered or could have been discovered with reasonable diligence. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988). "The statute of limitations for fraud begins to run from the time the party knew of the misrepresentation." *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 216 (Tex. 2011) (citing *Little v. Smith*, 943 S.W.2d 414, 420 (Tex. 1997)).

Appellee argued in his traditional motion for summary judgment that Appellants had information by November 13, 2003, that gave them notice or, had they exercised reasonable diligence, would have caused them to discover the alleged fraud. Appellee attached the following documents to his motion to show that Appellants knew the misrepresentations made by Groves about Appellee were false well before 2006: an e-mail from Groves, Appellee's credit application, the credit report, and a report from Dun & Bradstreet. Appellee argued that, "[a]t the very least, they were on notice of contradictions sufficient to put them to a duty to further investigate to discover the alleged fraud."

In the October 27, 2003 e-mail, Groves stated that Appellee was willing to have his credit checked and that, because Appellee was WWWP's "only investor," checking Appellee's credit was "the most effective way to evaluate [WWWP's] stability." Appellants received Appellee's credit report and a Dun & Bradstreet business information report on October 29, 2003, regarding WWWP. The credit report contained no reference to WWWP. The Dun & Bradstreet report contained no reference to Appellee; instead, it listed Groves's wife as the president of WWWP. Appellants hired a private investigator to conduct a background check on WWWP and on Appellee. On November 13, 2003, Appellants received a report from the private investigator in which the investigator noted his concerns about WWWP and Appellee. The investigator could not find a connection between WWWP and Appellee, nor could he find any records concerning the financial stability of WWWP.

Appellants argue that, regardless of when they discovered or should have discovered Appellee's wrongful acts of fraudulent misrepresentation, Appellants could not, and did not, discover the resulting injury until, at the earliest, October 2006. Appellants claim that they had to know about the wrongdoing and the injury for the claim to accrue and that they did not discover the injury until Groves sent the

6

e-mail indicating that WWWP might abandon the computer software project. Appellee responds that the fraud claim against him must be based on his actions, not the actions of Groves. "WWWP's indication that it might abandon the project might be relevant to the accrual of Appellant's breach of contract claim against Groves and WWWP, but it was not an act in furtherance of any tort claimed against [Appellee]." We agree with Appellee. Appellants' alleged injury, with regard to their fraud claim against Appellee, occurred when they entered into the contract with WWWP, not when WWWP indicated that it might breach the contract.

The summary judgment evidence shows that Appellants knew the nature of their alleged injury, or could have discovered it by the exercise of reasonable diligence, by November 13, 2003. The credit report, the Dun & Bradstreet report, and the private investigator's report should have alerted Appellants that Groves misrepresented the company and Appellee's role in the company. Thus, Appellee proved as a matter of law that Appellants knew or, by the exercise of reasonable diligence, should have known about the fraud in November 2003. Appellants did not provide any summary judgment evidence to rebut the fact that they received these three reports in November 2003 or that the reports contained information that conflicted with the representations made about WWWP and Appellee. Therefore, Appellants did not raise a genuine issue of material fact as to when their cause of action against Appellee for fraud accrued.

Likewise, Appellants did not raise a genuine issue of material fact as to when their cause of action against Appellee for civil conspiracy accrued. Appellants argue on appeal that, "even if Appellee was not personally involved at every point of the conspiracy to defraud Appellants, the accrual date of the civil conspiracy claim as to all of the Defendants was deferred to the last offense causing loss and damage by any one of the co-conspirators." Appellants therefore contend that their civil conspiracy claim also did not accrue until October 2006, when Groves indicated that

7

WWWP might abandon the project. Civil conspiracy is a derivative tort and is dependent on participation in an underlying statutory violation or tort, other than negligence. *Chu v. Hong*, 249 S.W.3d 441, 444–47 (Tex. 2008); *Tri v. J.T.T.*, 162 S.W.3d 552, 557 (Tex. 2005); *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996). Appellants alleged that Appellee and the other defendants conspired to commit fraud against them and did so by making misrepresentations about Appellee prior to when Appellants entered into the contract. Thus, Appellants claim of civil conspiracy was not that the defendants conspired to breach the contract but that they conspired to commit fraud in order to get Appellants to sign the contract. Therefore, when Appellants knew or, by the exercise of reasonable diligence, should have known about the fraud, they also knew or, by the exercise of reasonable diligence, should have known that Groves, as WWWP's representative, and Appellee acted in concert in making misrepresentations. The summary judgment evidence shows that Appellants' civil conspiracy claim against Appellee accrued at the same time that their fraud claim against Appellee accrued: November 2003. We overrule Appellants' second issue.

In Appellants' third issue, they address whether their cause of action for fraud was barred as a matter of law by the four-year statute of limitations. Because the summary judgment evidence shows that Appellants' cause of action against Appellee accrued in November 2003, Appellants were required to file suit by November 2007 to be within the four-year statute of limitations for fraud cases. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(4) (West 2002) (a person must bring suit on a fraud action not later than four years after the cause of action accrues). Therefore, because Appellants did not file suit until April 16, 2008, their fraud cause of action against Appellee is barred as a matter of law. Appellants' third issue is overruled.

Similarly, Appellants' fifth issue is whether their cause of action against Appellee for civil conspiracy to defraud is barred as a matter of law by the applicable statute of limitations. In their fourth issue, Appellants claim that the statute of limitations for civil conspiracy to defraud is four years. Appellee claims that the statute of limitations for civil conspiracy is two years. Regardless of whether the statute of limitations for civil conspiracy is two years or four years, Appellants did not file suit until four years and five months after the cause of action accrued. Therefore, their civil conspiracy cause of action against Appellee is also barred as a matter of law. The trial court did not err when it granted Appellee's traditional motion for summary judgment. We overrule Appellants' fourth and fifth issues, and we overrule Appellants' first issue as to Appellee's traditional motion for summary judgment.

Because we have found that the trial court did not err when it granted judgment in favor of Appellee on the ground that Appellants' claims against Appellee were barred by the statute of limitations, we do not reach Appellants' sixth through eighth issues regarding whether they raised a genuine issue of material fact as to certain elements of their asserted causes of action. In that regard, it is also not necessary for us to determine whether the trial court erred when it granted Appellee's no-evidence motion for summary judgment.

We affirm the order of the trial court by which it granted Appellee's traditional motion for summary judgment.

JIM R. WRIGHT

May 7, 2015                                        CHIEF JUSTICE

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

9